UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WESLEY, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | Case No. 22-cv-1073-JBM |
| ) | |
| TAZEWELL COUNTY STATES ATTORNEY, ) | |
| ) | |
| Defendant. ) | |

## MERIT REVIEW ORDER

Plaintiff, a pretrial detainee at the Peoria County Jail, proceeds *pro se* under 42 U.S.C. § 1983 against the Tazewell County State's Attorney. This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In Plaintiff's cursory complaint, he alleges that the Tazewell County State's Attorney violated his due process rights by holding him without bail on November 19, 2020. Despite Plaintiff's allegations, "state prosecutors enjoy absolute immunity from suits under § 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Foreman v. Wadsworth*, 844 F.3d 620, 624 (7th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely

immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (concluding that indicting a person without probable cause, acting maliciously, refusing to consider exonerating evidence, presenting false evidence to a grand jury, and delaying trial "encompass prosecutorial acts or omissions for which . . . prosecutors enjoy absolute immunity."). Accordingly, the Court concludes that Plaintiff's complaint fails to state a claim for relief.

Although the Court has the discretion to permit Plaintiff to file an amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the claim raised in Plaintiff's pleading would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

**IT IS THEREFORE ORDERED:**

1) The Court DISMISSES, with prejudice, Plaintiff's complaint [1] pursuant to Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915A for failure to state a federal claim on which relief may be granted. Because any amendment to the complaint would be futile, the Court DIRECTS the Clerk of Court to enter a judgment under Fed. R. Civ. P. 58.

2) This dismissal shall count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff remains responsible for any unpaid balance of the $350.00 filing fee even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court as directed in the Court's prior order. (See Text Order entered on 3/29/2022).

4) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED: April 27, 2022

                                                            s/ Joe Billy McDade
                                                            Joe Billy McDade
                                                            U.S. District Court Judge